GLD-113                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4778
_____

AUDREY CARTER,

Appellant

v.

ALL DISTRICT FEDERAL JUDGES;
PRESIDENT OBAMA; PRESIDENT BUSH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-10-cv-05295)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2011

Before:  AMBRO, CHAGARES AND GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2011)
_____

OPINION
_____

PER CURIAM

Audrey Carter, proceeding pro se, appeals from the District Court's November 23, 2010 order dismissing her case with prejudice. For the reasons that follow, we will summarily affirm.

I.

On October 14, 2010, Carter initiated this civil action by filing a document titled "President Obama New Change for Laws & 'World Issues'" in the District Court. That filing, which the District Court Clerk docketed as a complaint, named "All District Federal Judges," President Obama, and "Pres. Bush" as defendants, and sought "an investigation into all courts and cases heard for all people within the United States." A few days later, Carter filed a document titled "Complaint," which the clerk docketed as a "Brief in support of Complaint." Shortly thereafter, Carter filed a document titled "Amended Complaint," which the clerk docketed as titled. These latter two filings, which named "All District Federal Judges" as the only defendants and sought as much as 999 million dollars in damages, raised vague, conclusory, and sometimes unintelligible allegations against unnamed District Court judges, and appeared to take issue with the manner in which the court had adjudicated some of the many cases Carter has filed in that court over the last few years.[1]

On November 23, 2010, the District Court entered a sua sponte order dismissing the case with prejudice. The court identified two bases for its dismissal. First, the court

---

[1] Carter has filed at least 19 pro se actions in the District Court since 2009, and has used several different aliases in pursuing them. Indeed, in this case alone, she has referred to herself as "Audrey Taylor," "Audrey Obama," "Audrey Carter/Obama," "Audrey Carter, Obama Taylor," and "Queen Audra."

stated that Carter had failed to comply with its September 1, 2009 order issued in Case No. 09-cv-3704, which had barred her from bringing any new pro se action without first obtaining the court's permission. Second, the court held that dismissal was warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), for (1) Carter's October 14, 2010 filing failed to state a claim for which relief may be granted, and (2) the allegations against the district court judges were otherwise barred by the doctrine of judicial immunity. Carter now appeals from the District Court's decision.[2]

II.

The District Court did not err in dismissing Carter's case. To the extent her claims against "All District Federal Judges" are even intelligible, they consist merely of vague and conclusory accusations. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Additionally, she has not established that these claims fall within either of the narrow exceptions to the doctrine of judicial immunity. See Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (stating that a judge is immune from damages claims brought under 42 U.S.C. § 1983 unless those claims concern the judge's non-judicial actions or judicial actions "'taken in the complete absence of all jurisdiction'") (quoting Mireles v. Waco, 502 U.S. 9, 12 (1991)

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and may affirm the District Court's decision on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

(per curiam)).  To the extent her allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action.[3]  Finally, to the extent Carter did not abandon her claims against President Obama and former President Bush — her amended pleadings did not refer to either of these individuals, let alone name them as defendants — she has not articulated a single viable claim against them.

Because the District Court properly dismissed this case pursuant to § 1915(e)(2)(B)(ii) and (iii),[4] we need not rule on the court's alternative basis for dismissal.[5]  Carter's argument that the District Court Judge discriminated against her in this case is baseless and does not require further discussion here.  We have considered her remaining arguments and conclude that they lack merit.

In light of the above, and because this appeal does not present a substantial question, we will summarily affirm the District Court's decision.  See 3d Cir. LAR 27.4;

---

[3] We note that any such appeal might now be time-barred.  See Fed. R. Civ. P. 4(a)(1); Bowles v. Russell, 551 U.S. 205, 209 (2007) (stating that "the taking of an appeal within the prescribed time is mandatory and jurisdictional") (internal quotation marks and citation omitted).

[4] Although the District Court's opinion referred only to Carter's October 14, 2010 filing, we need not disturb its decision because her subsequent pleadings fail for the same reasons that warranted the dismissal of that original pleading.

[5] We do note, however, that were the District Court to have dismissed Carter's case solely because she failed to comply with the court's September 1, 2009 order, it seemingly would have been appropriate to dismiss the case *without* prejudice.

4

3d Cir. I.O.P. 10.6. To the extent Carter's "Appeal Brief" requests appointment of counsel, that request is denied.